BERNARDINO TORO MORALES, Plaintiff and Appellee, *v.* PETRA RÍOS WIDOW OF TORO ET AL., Defendants and Appellants.

No. 9582. Argued April 2, 1948.—Decided May 17, 1948.

*Francisco González, Jr.,* for appellants. *Faustino R. Aponte* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Bernardino Toro Morales, plaintiff herein, was declared the acknowledged natural son of don José Toro Ríos. The defendants appealed and they assign as the only errors those committed by the lower court in weighing the evidence.

In a lengthy and well-reasoned opinion, the trial court made a careful analysis of the contradictory evidence presented by the parties and in settling the conflict in favor of the plaintiff it said:

"Do the facts in this case establish that plaintiff has been in the uninterrupted possession of the status of natural son of José Toro Ríos warranted by direct acts performed by the latter and his family? We have seen that a set of uninterrupted acts which took place for a

period of three years during which the plaintiff undoubtedly enjoyed the status of natural son of José Toro Ríos has been found proved. After this period plaintiff's mother entirely discontinued her relations with said José Toro Ríos because the latter contracted marriage with Lucía Guzmán. Nevertheless, plaintiff was brought to Humacao to see his father and they continued the relations of father and son. Later plaintiff's mother contracted marriage with another man and from that time she even refused to admit any economic help given by Toro Ríos to his son. May it be said that for this reason plaintiff no longer enjoyed the uninterrupted possession of the status of natural son of Toro Ríos? In our opinion, no. There is evidence that when the plaintiff was already twenty years of age he continued to have relations with Toro Ríos as his son, to the extent that he was authorized by his father to use his surname, which the plaintiff did thereafter. Moreover some of his father's relatives treated him as a member of the family.''

■ Since plaintiff was born in 1897 we must apply to this case § 135 of the Spanish Civil Code in force at that time in Puerto Rico, and which provided that the father was bound to acknowledge a natural son ''2. When the child has been in the uninterrupted possession of the status of a natural child of the defendant father, justified by the conduct of the father himself or that of his family.''

■■ Appellants maintain that the evidence is not sufficient to show the uninterrupted possession of the status of natural son of the plaintiff because said possession was interrupted. We do not agree. We have carefully examined the lengthy evidence presented in this case and we have no doubt that the lower court reached the correct conclusion. In *Colón v. Heirs of Tristani*, 44 P.R.R. 163, we adopted the meaning of the word uninterrupted ''*continuo*'' given by Scaevola, in referring to § 135, *supra,* and we said:

''The adjective '*continuo*', according to Scaevola, has several meanings and in the case of Section 135 it may not be taken to mean 'uninterrupted', but as 'a thing that follows another', and it is to be interpreted with the word 'constant', which means perseverance or repetition of acts. In our opinion, the word '*continuo*' (uninterrupted) should be taken to mean a series of acts, a set of facts.

carried out by the person from whom the acknowledgment is claimed, sufficient, if considered as a whole, to constitute the uninterrupted condition of a natural child. Once these series of acts have been carried out for a reasonable length of time, the father should not be allowed to revoke with his subsequent acts the acknowledgment priorly made by him. To establish a contrary principle would be equivalent to authorize the father to set aside certain facts which should have been insufficient for the child to obtain his acknowledgment, if the action had been brought prior to the date in which the relations existing between them had been interrupted.''

The evidence in this case showed that the plaintiff enjoyed the status of natural son of José Toro Ríos for an uninterrupted period of three years. That then there was a partial, not a total, interruption and that later the father renewed his relations with the plaintiff and even authorized him to use his surname, which plaintiff has been doing, for he married with the surname Toro and that is the name his children use.

In our opinion the lower court did not err in weighing the evidence. Judgment is affirmed.

Mr. Justice De Jesús did not participate herein.